## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway – Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

*Attorneys for Plaintiff*

| | |
|---|---|
| Orlando Perez,<br><br>             Plaintiff,<br><br><br>           - vs. –<br><br>Silpar Realty Inc. and John J. Pavon,<br><br><br>           Defendants. | DOCKET NO. _____<br><br>**COMPLAINT** |

Plaintiff Orlando Perez, by and through his undersigned attorneys, for his complaint against defendants Silpar Realty Inc. and John J. Pavon, alleges as follows:

### NATURE OF THE ACTION

1.     Plaintiff alleges that he is entitled to (i) unpaid wages from defendants for failure to pay wages at least equal to statutory minimum wage, (ii) unpaid wages for overtime work for which he did not receive overtime compensation pay as required by law, and (iii) liquidated damages, pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2.     Plaintiff further complains that he is entitled to: (i) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by

the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations; (ii) compensation for Defendants' violation of the Wage Theft Prevention Act; and (iii) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3.     Mr. Orlando Perez ("Plaintiff" or "Mr. Perez") is an adult individual residing in 152 Dyckman Street, #3C, New York, NY 10040.

4.     Defendant Silpar Realty Inc. is a New York corporation with a registered business address at 152 Dyckman Street, New York, NY 10040.

5.     Upon information and belief, and at all relevant times herein, Defendant John J. Pavon owned and/or operated Silpar Realty Inc., which owned and operated the building in which Plaintiff worked, a multi-story building with approximately 40 rental units.

6.     At all relevant times herein, Defendant Silpar Realty Inc., individually and/or jointly controlled the employment of Plaintiff and was responsible for retaining, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment related functions.

7.     At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

8.     At all times relevant herein, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9.    Upon information and belief, at all relevant times, Defendant Silpar Realty Inc., has had gross revenues exceeding $500,000.00.

10.    Upon information and belief, at all relevant times herein, Defendant Silpar Realty Inc., has used goods and materials produced in interstate commerce, and has employed individuals who handled such goods and materials.

11.    Upon information and belief, at all relevant times, Defendant Silpar Realty Inc., constituted an "enterprise" as defined in the FLSA.

12.    Upon information and belief, Defendant John J. Pavon, is the chief executive officer and/or owner or part owner and principal of Silpar Realty Inc.; he has the power to hire and fire employees, set wages and schedules, and maintain their records.

13.    Defendant John J. Pavon is involved in the day-to-day operations of Silpar Realty Inc. and plays an active role in managing the business.

14.    Defendants each constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

16.    Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendants' business is located in this district.

## FACTS

17.    Upon information and belief, at all relevant times herein, Defendants were engaged in the business of real estate and building management and ownership.

18.     Upon information and belief, at all relevant times herein, Defendants owned and/or operated two buildings and employed one or more employees.

19.     At all times relevant herein, Defendants employed Mr. Perez, as a building superintendent in which position Plaintiff performed manual work including maintenance and repairs, such as removing the garbage and trash, mopping the floors in common areas of the building, as well as sweeping or shoveling the snow outside Defendants' multi-story building located at 152 Dyckman Street, New York, NY 10040.

20.     Mr. Perez was employed in such a position by Defendants from December 2010 until June 8, 2022.

21.     Mr. Perez was hired by Defendant John J. Pavon.

22.     During his employment by Defendants, Mr. Perez typically worked seven days per week, as follows: from 7:00 am to 6:00 pm on Monday through Friday; 7:00 am to 1:00 pm on Saturday; and 7:00 am to 10:00 am on Sunday.

23.     During his employment by Defendants, Mr. Perez was paid $450 per week by Defendants.

24.     Mr. Perez's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants and did not involve executive or administrative responsibilities.

25.     At all relevant times herein, Mr. Perez was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

4

26.     Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

27.     Defendants' failure to pay Plaintiff the overtime bonus for overtime hours worked was willful and lacked a good faith basis.

28.     Defendants failed to provide Plaintiff with properly compliant paystubs under the New York Labor Law.

29.     Defendants failed to provide Plaintiff with a wage acknowledgment notice, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

30.     Upon information and belief, while the defendants employed Mr. Perez, and throughout all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

31.     Upon information and belief, while the defendants employed Mr. Perez, and throughout all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I: Fair Labor Standards Act – Minimum Wage

32.     At all times relevant, Plaintiff was employed by Defendants within the meaning of the FLSA.

33.      Defendants willfully violated Plaintiff's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the FLSA and supporting regulations.

34.     The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

35.      Due to the defendants' FLSA violations, Plaintiff is entitled to recover from the defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the FLSA.

## COUNT II: Fair Labor Standards Act - Overtime

36.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

37.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

38.     Defendants had a policy and practice of refusing to pay their employees the correct overtime premiums for hours they worked that exceeded forty hours per workweek.

39.     Because of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for work performed exceeding forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

40.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

41.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action.

## COUNT III: New York Labor Law – Minimum Wage

42.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

43.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

44.     Defendants willfully violated Plaintiff's rights by failing to pay him compensation at rates at least equal to statutory minimum wage, in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 146.

45.     Defendants' failure to pay minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

46.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wage compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV: New York Labor Law – Wage Theft Prevention Act

47.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

48.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

49.     Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

7

50.     Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

51.     Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day from December 2016 through the present, up to the maximum statutory damages.

52.     Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day from December 2016 through the present, up to the maximum statutory damages.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

    a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

    b.   An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

    c.   A compensatory award of unpaid minimum wage compensation, at the statutory rate, due under the FLSA and the New York Labor Law;

d.   A compensatory award of unpaid overtime compensation, at the statutory

overtime rate, due under the FLSA.

e.   An award of liquidated damages as a result of Defendants' willful failure to

pay overtime compensation pursuant to 29 U.S.C. § 216;

f.   Liquidated damages for Defendants' New York Labor Law violations;

g.   Statutory damages for Defendants' violations of the New York Wage Theft

Prevention Act;

h.   Back pay;

i.   Punitive damages;

j.   An award of prejudgment and post judgment interest;

k.   An award of costs and expenses of this action together with reasonable

attorneys' and expert fees; and

l.   Such other, further, and different relief as this Court deems just and proper.


Dated:   January 6, 2023                         /s/ *Michael Samuel*
                                                 Michael Samuel, Esq. (MS 7997)
                                                 THE SAMUEL LAW FIRM
                                                 1441 Broadway – Suite 6085
                                                 New York, NY 10018
                                                 (212) 563-9884
                                                 michael@thesamuellawfirm.com

                                                 *Attorneys for Plaintiff*